CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 03 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES EDWARD DORSEY, ) <br> Petitioner, ) | Civil Action No. 7:09CV00199 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| LARRY T. EDMONDS, WARDEN, ) <br> Respondent. ) | By: Hon. Glen E. Conrad <br> United States District Judge |

Charles Edward Dorsey, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Dorsey challenges the validity of his convictions in the Circuit Court for the City of Lynchburg. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion and deny the petitioner's request for an evidentiary hearing.

## Background

Dorsey was indicted by a grand jury in the City of Lynchburg on February 2, 2004. In the indictment, Dorsey was charged with six counts of forcible sodomy, in violation of Virginia Code § 18.2-67.1. Each of the six counts alleged that, on or between Sunday, June 1, 2003 and Thursday, June 26, 2003, Dorsey engaged in cunnilingus, fellatio, anallingus, or anal intercourse with his stepdaughter, a person less than thirteen years of age.

On March 3, 2004, Dorsey entered pleas of guilty to all six counts of the indictment, pursuant to a written plea agreement. He was subsequently sentenced to a total term of imprisonment of 60 years with 30 years suspended.

Dorsey did not initially appeal his convictions. However, on August 3, 2006, Dorsey filed a petition for writ of habeas corpus in the Supreme Court of Virginia, arguing, inter alia,

that he had been denied his right to appeal. The Supreme Court granted Dorsey a delayed appeal, and dismissed the remainder of his habeas petition without prejudice to his right to file a subsequent petition limited to the grounds asserted in the initial petition.

Dorsey's direct appeal was ultimately unsuccessful. The Court of Appeals of Virginia denied his petition for appeal on September 26, 2007, and on April 3, 2008, his petition for appeal was refused by the Supreme Court of Virginia.

On September 8, 2008, Dorsey filed a second petition for writ of habeas corpus in the Supreme Court of Virginia. The petition was dismissed by the Supreme Court on December 22, 2008.

Dorsey filed the instant petition on May 29, 2009. The petition asserts the following claims:

1. Dorsey's pleas of guilty were involuntary.

2. Counsel rendered ineffective assistance by:

    A. Failing to present applicable case law in support of a motion to suppress;

    B. Failing to properly advise Dorsey as to the potential sentence he could receive;

    C. Failing to preserve the suppression issue for appeal;

    D. Failing to provide adequate advice during plea negotiations;

    E. Failing to file a motion to withdraw the guilty plea or a motion for new trial on the basis that Dorsey's guilty plea was not knowing and voluntary; and

  F  Failing to argue, on appeal, that certain procedural inadequacies on the part of the trial court constituted jurisdictional defects.

On August 13, 2009, the respondent moved to dismiss the petition for writ of habeas corpus. Dorsey filed a response to the motion on September 23, 2009, in which he requests an evidentiary hearing on the claims asserted in the petition. The matter is now ripe for review.

## **Standard of Review**

Under 28 U.S.C. § 2254(b), a federal petitioner challenging a state court conviction or sentence must generally exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. 28 U.S.C. § 2254(b)(1). When a claim has been adjudicated on the merits in state court, a federal court owes considerable deference to the state court's decision with respect to that claim. Section 2254(d) provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" the Supreme Court's clearly established precedent if "the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a

decision of [the Supreme Court] and nevertheless arrives at a different result." Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" of Supreme Court precedent "occurs when a state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [a] petitioner's case." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (internal citations and quotation marks omitted). "This standard is quite deferential: The state court's application of clearly established federal law must be objectively unreasonable, and a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Powell v. Kelly, 562 F.3d 656, 664 (4th Cir. 2009) (internal citations and quotation marks omitted).

A petitioner alleging that a state court based its decision on an "unreasonable determination of the facts" under § 2254(d)(2) must also satisfy a demanding standard. As the United States Supreme Court emphasized in Schriro v. Landrigan, 550 U.S. 465 (2007), "[t]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable -- a substantially higher threshold." Schriro, 127 S. Ct. at 1939. In addition, § 2254(e)(1) provides that a state court's factual determinations "shall be presumed to be correct" and that the petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C § 2254(e)(1).

## Discussion

I.   Claim 1

In his first claim, Dorsey contends that his guilty pleas were not knowing and voluntary; that the trial court's plea colloquy did not comply with Boykin v. Alabama, 395 U.S. 238 (1969);

and that his plea agreement violated Rule 3A:8 of the Rules of the Supreme Court of Virginia. Dorsey raised the same arguments on direct appeal. The Court of Appeals of Virginia and the Supreme Court of Virginia held that the arguments were procedurally barred by Virginia's contemporaneous objection rule,[1] because Dorsey did not move to withdraw his guilty pleas or otherwise object at the time of trial.[2] The United States Court of Appeals for the Fourth Circuit has repeatedly held that the state's contemporaneous objection rule constitutes an adequate and independent state ground for the denial of federal habeas relief. See Weeks v. Angelone, 176 F.3d 249, 270 (4th Cir. 1999). Consequently, claim 1 may not be reviewed by this court "absent cause and prejudice or a miscarriage of justice to excuse the procedural default." Fisher v. Angelone, 163 F.3d 835, 853-854 (1998). Because Dorsey does not maintain that cause and prejudice or a miscarriage of justice exists to excuse his procedural default, the court is precluded from considering this claim on the merits.

Even if the court did reach the substance of Dorsey's claim, the court would nonetheless conclude that the claim is without merit. First, it is clear from the record that Dorsey's guilty pleas were knowing and voluntary, as required by Boykin v. Alabama, 395 U.S. 238 (1969). Prior to the plea hearing, Dorsey signed a comprehensive plea of guilty statement, by which he affirmed that his counsel had informed him of the nature of the charges against him and the range

---

[1] See Va. Sup. Ct. Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."); see also Va. Sup. Ct. R. 5:25 ("Error will not be sustained to any ruling of the trial court . . . unless the objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice.").

[2] The Supreme Court of Virginia refused Dorsey's appeal without explanation. Consequently, it is appropriate for this court to infer that the Supreme Court's ruling was based on the same reasoning as that provided by the Court of Appeals. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

of potential punishment. Dorsey also affirmed that he was aware of his right to plead not guilty, that he understood the various constitutional rights that he would be afforded if he chose do to so,[3] and that no one had threatened him or otherwise forced him to plead guilty. Finally, Dorsey affirmed that he was entirely satisfied with the services provided by his attorney, that he did not have any further inquiries, and that he was freely and voluntarily pleading guilty to all six counts of sodomy.

Dorsey also signed a written plea agreement on March 15, 2004, pursuant to which the Commonwealth agreed not to pursue additional criminal charges for actions that occurred between Dorsey and his stepdaughter, in exchange for Dorsey's pleas of guilty to the sodomy charges. By signing the agreement, Dorsey affirmed that he had been advised of his right to a trial by jury, and that he was agreeing to waive a jury trial and have the matter heard by the trial court.

Dorsey appeared before the trial court on March 30, 2004, and entered pleas of guilty to all six counts of forcible sodomy. During the hearing, Dorsey testified that he could read and

---

[3] Specifically, Dorsey was advised that if he chose to plead not guilty, the Constitution guaranteed him:

> (a) the right to a speedy and public trial by jury, and the jury of twelve persons must unanimously agree that [he is] guilty beyond a reasonable doubt before [he] can be convicted; (b) the right to see and hear all witnesses against [him] and the right to cross-examine those witnesses; (c) the right to use the process of the court to compel the production of any evidence and the attendance of witnesses [on his] behalf; (d) the right to have the assistance of a lawyer at all stages of the proceedings; (e) the right to require the Commonwealth to prove every material allegation again [him] beyond a reasonable doubt and to prove [his] guilt beyond a reasonable doubt; (f) the right to appeal the decision . . . in the event that [he is] convicted; and (g) the right to remain silent and not to take the stand or give testimony against [himself].

(Plea of Guilty Statement at para. 6).

write, that he had read the plea of guilty statement and reviewed it with counsel, and that he was pleading guilty to all six charges "because [he was], in fact, guilty." (Mar. 30, 2004 Tr. at 4).

Based on the foregoing evidence, it is clear from the record that Dorsey's guilty pleas were knowingly and voluntarily made, and that the trial court's colloquy, coupled with the substance of the plea of guilty statement and the plea agreement, clearly satisfied the concerns articulated by the United States Supreme Court in Boykin v. Alabama, supra. While Dorsey contends that Boykin required the trial court to personally advise him of the constitutional rights that he would be waiving by entering pleas of guilty, Dorsey's argument is without merit. As the Fourth Circuit explained in Wade v. Coiner, 468 F.2d 1059 (4th Cir. 1972), "state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11 [of the Federal Rules of Criminal Procedure], but there is nothing in Boykin that requires them to do so." Wade, 468 F.2d at 1060. Instead, a state court may satisfy Boykin concerns by ensuring that an attorney has advised the defendant of the nature of the charges and the consequences of his plea. Id. "If the record affirmatively shows that the plea was intelligently and voluntarily entered," as it does in Dorsey's case, "that is enough." Id..

Dorsey's challenge to the validity of his plea agreement is also without merit. Contrary to Dorsey's assertions, his agreement with the Commonwealth did not violate Rule 3A:8 of the Rules of the Supreme Court of Virginia. While Rule 3A:8 permits an attorney for the Commonwealth to (1) agree to move for dismissal of other charges; (2) agree to make a recommendation for a particular sentence; or (3) agree that a specific sentence is the appropriate disposition for the case, the rule does not require the government to agree to any of the preceding

7

provisions in exchange for a defendant's plea of guilty. For these reasons, claim 1 must be dismissed.

II.   Claim 2(A)

In claim 2(A), Dorsey alleges that his trial counsel's performance was ineffective, because counsel failed to cite applicable case law when moving to suppress the statements Dorsey gave to investigators. Dorsey raised the same claim in his state habeas petition. The Supreme Court of Virginia rejected the claim, emphasizing that Dorsey "failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." Dorsey v. Warden, Case No. 081783 (Va. Sup. Ct. Dec. 22, 2008) (citing Anderson v. Warden, 281 S.E.2d 885, 888 (Va. 1981).

Having reviewed the record, the court agrees with the respondent that the Supreme Court's decision is entitled to deference under § 2254(d). As previously explained, Dorsey affirmed in his written plea of guilty statement and during the plea hearing that he was entirely satisfied with the services provided by his attorney. Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes during a plea colloquy. Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); see also Burket v. Angelone, 208 F.3d 172, 191 (4th Cir. 2000). Because Dorsey has presented no evidence which suggests that his representations during his plea hearing were untruthful or involuntary, he is bound by those representations. Burket, 208 F.3d at 191.

In any event, Dorsey has also failed to allege circumstances that would constitute ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). To succeed on a claim of ineffective assistance, Dorsey must first

establish that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, Dorsey must show that counsel's deficient performance prejudiced his defense. Id. To demonstrate prejudice, Dorsey generally "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

The instant claim of ineffective assistance is based on two statements that Dorsey gave to investigators on June 26, 2003, after Dorsey's wife called a sexual abuse hotline to report that Dorsey had sexually abused her daughter (Dorsey's stepdaughter). The first interview occurred outside Dorsey's residence; the second occurred at the Lynchburg Police Department following Dorsey's arrest. Dorsey's counsel filed a motion to suppress, on Dorsey's behalf, in which counsel argued that both statements were obtained in violation of Dorsey's Fifth Amendment rights. Specifically, counsel argued that Dorsey was subjected to a custodial interrogation without being warned of his Miranda[4] rights during the first interview, and that statements made during the second Mirandized interview should have been suppressed as "fruit of the poisonous tree." (Resp.'s Ex. G2).

Although Dorsey now argues that additional case law should have been cited to support the argument that he was in custody when the first statement was given to investigators, Dorsey has failed to demonstrate that the result of the suppression hearing would have been different had the referenced case law been presented. An individual is "in custody," for purposes of receiving Miranda protection, only when "there is a formal arrest or restraint on freedom of movement of

---

[4] Miranda v. Arizona, 384 U.S. 436 (1966).

the degree associated with a formal arrest." California v. Beheler, 463 U.S. 1121, 1124 (1983) (internal citation and quotation marks omitted). In this case, the record reveals that Dorsey's first interview took place in an unmarked police car at Dorsey's own residence. Prior to speaking with Dorsey, the investigators specifically told him "that he was not under arrest and that he was free to leave." (Resp.'s Ex. G2). In addition, the investigators permitted Dorsey to return to his residence after the interview. While Dorsey contends that counsel should have argued that Dorsey was obviously the only suspect in the investigation, the court is unable to conclude that the motion to suppress would have been granted had such argument been made. As the United States Supreme Court explained in Oregon v. Mathiason, 429 U.S. 492 (1977):

> Any interview of one suspected of a crime by a police officer will have coercive aspects to it, simply by virtue of the fact that the police officer is part of a law enforcement system which may ultimately cause the suspect to be charged with a crime. But police officers are not required to administer Miranda warnings to everyone whom they question. Nor is the requirement of warnings to be imposed simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect. Miranda warnings are required only where there has been such a restriction on a person's freedom as to render him "in custody." It was that sort of coercive environment to which Miranda by its terms was made applicable, and to which it is limited.

Mathiason, 429 U.S. at 495. Based on the foregoing, the court concludes that Dorsey has failed to demonstrate that counsel's assistance was ineffective. Accordingly, claim 2(a) must be dismissed.

III.    Claim 2(b)

In claim 2(b), Dorsey contends that counsel failed to correctly advise him about the potential sentence that he could receive. According to Dorsey, counsel led him to believe that the potential sentence could range from probation to life, and did not inform him that forcible

sodomy carried a mandatory minimum sentence. Dorsey raised the same claim in his state habeas petition. The Supreme Court of Virginia held that the claim failed to satisfy either prong of the Strickland test. For the following reasons, the Supreme Court's decision is entitled to deference.

First, as the Supreme Court noted in its opinion, a conviction for forcible sodomy under Virginia Code § 18.2-67.1 does not carry a mandatory minimum sentence. Although the statute provides that "forcible sodomy is a felony punishable by confinement in a state correctional facility for life or for any term not less than five years," Va. Code § 18.2-67.1(B), a trial court is not required to impose a period of incarceration. Instead, the trial court may, in its discretion, suspend or modify the sentence imposed for violating § 18.2-67.1, or place the defendant on probation. See Va. Code § 19.2-303; see also Va. Code § 18.2-12.1 (explaining that if a statute specifically refers to a "mandatory minimum" punishment, a court is not permitted to suspend such punishment).

To the extent that § 18.2-67.1 carries a recommended sentencing range of five years to life, the Supreme Court of Virginia found that the "record, including counsel's affidavit and the petitioner's plea form, demonstrates that the petitioner understood the sentencing range for each count of forcible sodomy was five years to life." Dorsey v. Warden, Case No. 081783 (Va. Sup. Ct. Dec. 22, 2008). Indeed, by signing the plea of guilty statement, Dorsey affirmed that his attorney had advised him that the forcible sodomy statute provides for "[a] maximum of life . . . imprisonment (and a minimum 5 years imprisonment)," and "that probation may or may not be granted." (Plea of Guilty Statement at para. 5). The Supreme Court's findings of fact with respect to this claim are clearly entitled to deference under § 2254, as is the Court's conclusion

that Dorsey failed to show deficient performance or resulting prejudice under Strickland. Accordingly, claim 2(b) is also subject to dismissal.

IV. Claims 2(c) and 2(e)

In claims 2(c) and 2(e), respectively, Dorsey alleges that counsel was ineffective for failing to preserve the suppression issue for appeal, and for failing to file a motion to withdraw Dorsey's guilty plea or a motion for a new trial on the basis that Dorsey's guilty plea was not knowing and voluntary. Although Dorsey raised the same claims in his second state habeas petition filed with the Supreme Court of Virginia, he failed to raise them in his first habeas petition. Consequently, the Supreme Court held that the claims were barred by the successive petition rule set forth in Virginia Code § 8.01-654(B)(2). The Fourth Circuit has repeatedly held that this statutory provision constitutes an adequate and independent state ground which precludes federal habeas review. See e.g., Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997). Because Dorsey has failed to establish cause and prejudice or a miscarriage of justice to excuse his procedural default, the court is barred from reviewing the merits of claims 2(c) and 2(e). Id.

In any event, the court notes that even if these claims were not procedurally defaulted, Dorsey would not be entitled to federal habeas relief. As set forth above with respect to claim 2(b), Dorsey has failed to demonstrate that his convictions would have been overturned on appeal, had the suppression issue been preserved for appellate review. Likewise, for the reasons explained with respect to claim 1, it is clear from the record that Dorsey's guilty pleas were knowing and voluntary, and thus, that counsel was not ineffective for failing to move to withdraw the pleas or request a new trial. Accordingly, claims 2(c) and 2(e) must be dismissed.

V.    Claim 2(d)

In claim 2(d), Dorsey contends that counsel erroneously advised him to plead guilty to six counts of forcible sodomy in exchange for the Commonwealth agreeing not to pursue additional charges of rape. According to Dorsey, counsel should have advised him that there was no evidence to support any additional charges.

Dorsey raised the same claim in his state habeas petition. Citing Anderson v. Warden, supra, the Supreme Court of Virginia rejected the claim on the basis that Dorsey failed to offer a valid reason as to why he should not be bound by the representation he made during the plea colloquy that his counsel's performance was adequate. Dorsey has failed to demonstrate that the Supreme Court's decision in this regard was contrary to clearly established federal law, or that it was based on an unreasonable determination of the facts.

Moreover, the court agrees with the respondent that the claim nonetheless fails under Strickland. The record, including the affidavit of counsel, reveals that counsel fully discussed with Dorsey whether he should plead guilty or proceed to a jury trial, and that Dorsey ultimately agreed with counsel that a jury trial was not in Dorsey's best interests. Although counsel was of the opinion that the evidence of rape was "somewhat equivocal," counsel believed that "the evidence against the petitioner on the charges of forcible sodomy was overwhelming," and that Dorsey did not need to undertake any further risk. (Resp.'s Ex. G2). Indeed, as the respondent emphasizes in his motion to dismiss, Dorsey gave a graphic confession to police investigators, in which he admitted to licking his seven-year-old stepdaughter's vagina approximately four to five times, and to having the child perform oral sex with him on one or two occasions. While Dorsey denied that any vaginal penetration occurred, Dorsey admitted to rubbing his penis against his

13

stepdaughter's vagina. Moreover, the child gave statements to the investigators and her mother describing these incidents. Based on the foregoing, the court agrees with the respondent that counsel's advice to the petitioner regarding the strength of the case and the advisability of entering into the plea agreement was professionally reasonable, and that Dorsey has failed to establish that, but for counsel's advice, the result of the plea hearing would have been different. Accordingly, claim 2(d) must be dismissed.

VI.   Claim 2(f)

In his final claim, Dorsey contends that appellate counsel was ineffective for not arguing that the trial court created a non-waivable jurisdictional defect by failing to ask certain questions during the plea colloquy, and by failing to ensure that the plea agreement complied with Rule 3A:8 of the Rules of the Supreme Court of Virginia. Although Dorsey raised the same claim in his second state habeas petition, the claim was not addressed by the Supreme Court of Virginia. Consequently, this court has reviewed the claim de novo. See Weeks, 176 F.3d 263. For the following reasons, the court concludes that the claim is without merit.

First, Dorsey has failed to demonstrate that there were any errors, jurisdictional or otherwise, committed during his guilty plea hearing. As previously explained, the trial court's colloquy, coupled with the substance of the plea of guilty statement and the plea agreement, clearly satisfied the concerns articulated by the United States Supreme Court in Boykin v. Alabama, supra, and Dorsey's plea agreement with the government did not violate Rule 3A:8 of the Rules of the Supreme Court of Virginia. Additionally, even if there were procedural irregularities associated with Dorsey's guilty plea, the alleged defects that he complains of would not have deprived the trial court of subject matter jurisdiction in his criminal case. See Va. Code

§ 17.1-513 (providing that all circuit courts in the Commonwealth "have original jurisdiction of all indictments for felonies . . ."); see also Porter v. Commonwealth, 661 S.E.2d 415, 427 (Va. 2008) (explaining that only defects in subject matter jurisdiction are non-waivable and can be raised at any time in the proceedings"). Accordingly, it is clear from the record that the arguments Dorsey alleges counsel should have advanced on appeal would not have been successful. Because counsel is not ineffective for failing to advance frivolous arguments, claim 2(f) must be dismissed. See Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005); Oken v.Corcoran, 220 F.3d 259, 269-270 (4th Cir. 2000).

    VII.   Request for Evidentiary Hearing

The court must also deny Dorsey's request for an evidentiary hearing. Pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases, the court must review the government's responsive pleading, any transcripts and records of state court proceedings, and any material submitted by the parties, and determine whether an evidentiary hearing is warranted. Following such review in this case, it is clear from the record Dorsey is not entitled to relief on any of his claims, and thus, that an evidentiary hearing is not required.

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss and deny the petitioner's request for an evidentiary hearing. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 2nd day of March, 2010.

                                                         /s/                    
                                                    United States District Judge